IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMEON LeBLEU, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2982 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Simeon LeBleu, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his two state court convictions. Respondent filed a motion for summary judgment based on limitations (Docket Entry No. 14), to which petitioner responded. (Docket Entries No. 17, 19, 22, 24.)

Based on consideration of the pleadings, the motion and responses, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

A jury found petitioner guilty of two counts of criminal retaliation and assessed punishment at ten years incarceration and ten years probation. Judgment was entered on March 8, 2005. Petitioner's convictions were affirmed on direct appeal. *LeBleu v. State*, 192 S.W.3d 205 (Tex. App. – Houston [14th Dist.] 2005, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on September 27, 2006, and denied

petitioner's state habeas application on April 23, 2008. Petitioner's second state habeas application was dismissed as an abuse of the writ.

Respondent moves for summary judgment, and argues that this habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

## II. ANALYSIS

This habeas petition is governed by the one-year period of limitations provided in 28 U.S.C. § 2244(d)(1) ("AEDPA"), as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The record reveals that the Texas Court of Criminal Appeals denied discretionary review on September 27, 2006, and that petitioner did not seek review by the Supreme Court. Accordingly, limitations commenced ninety days later on December 26, 2006, and expired one year later on December 26, 2007. Petitioner filed the instant petition no earlier than September 15, 2008. (Docket Entry No. 1, p. 31.) Thus, in absence of statutory or equitable tolling, the petition is untimely and barred by limitations.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state direct appeal or collateral review is not counted toward the one-year limitation. Limitations commenced on December 26, 2006, and petitioner filed his first state habeas application on October 23, 2007, 301 days after limitations commenced. The state habeas application remained pending for 183 days, from October 23, 2007, to April 23, 2008, which tolled limitations for those 183 days. The running of limitations re-commenced on April 23, 2008, with 64 days remaining on the AEDPA clock. Petitioner's second state habeas application was filed 27 days later, and remained pending until July 9, 2008, at which point 37 days remained of the one-year limitation. Accordingly, to be timely, petitioner's federal habeas petition was due no later than August 15, 2008.

Petitioner originally signed and dated the instant petition on August 10, 2008, but did not mail it. (Docket Entry No. 1, p. 9.) The petition reflects that he re-signed and re-dated it on September 9, 2008, but that he again did not mail it. *Id.*, p. 15. The petition includes

a letter and certificate of inmate mailing signed and dated by petitioner on September 15, 2008. *Id.*, p. 31. Although confusing, these inconsistent dates do not change the fact that petitioner did not file the instant petition by August 15, 2008.

Petitioner asserts that limitations was tolled during the pendency of his earlier, but unsuccessful, efforts to pursue federal habeas relief with this Court. The Court need not review the details of those efforts, as only *state* direct or collateral review tolls limitations under section 28 U.S.C. § 2244(d)(2). *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Although petitioner alleges that he filed a prior federal habeas petition with the Galveston federal district clerk on October 18, 2007, records of the Fifth Circuit Court of Appeals submitted by petitioner prove to the contrary. (Docket Entry No. 1, p. 16.)

To the extent petitioner claims entitlement to equitable tolling based on his belief that he filed a federal habeas petition with the Galveston federal court on October 17, 2007, he presents no probative summary judgment of such entitlement.[1] A habeas petitioner is not entitled to equitable tolling unless he establishes that he pursued his rights diligently, and that some extraordinary circumstance stood in his way to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v.*

---

[1] Although respondent contends that, following the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2366 (2007), federal district courts can no longer apply equitable tolling to statutory time limitations such as the AEDPA limitation, the Fifth Circuit Court of Appeals disagrees. *See United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir. 2008).

4

*Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner admits that he made no inquiry into the filing or status of the purported October 2007 habeas petition until July 31, 2008. (Docket Entry No. 1, p. 19.) This Court cannot conclude that petitioner's waiting ten months to verify the filing of his *pro se* habeas petition evinced diligent pursuit of his legal rights for purposes of equitable tolling.

Petitioner contends in the alternative that limitations is irrelevant because his state court conviction was void for lack of jurisdiction. The state courts did not determine that petitioner's conviction was void for lack of jurisdiction. Indeed, petitioner did not assert this issue until the filing of his second state application, which was dismissed as an abuse of the writ. As the state courts did not address whether petitioner's conviction was void for lack of jurisdiction, this Court cannot, at this juncture, consider the issue. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Regardless, this Court agrees with other federal district and circuit courts holding that a federal habeas petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." *Randall v. Director, TDCJ-CID*, C.A. No. 2-07-CV-204, 2008 WL 2128231, at *2 (E. D. Tex. 2008); *see also Nortonsen v. Reid*, 133 Fed. App'x. 509, 510-11, 2005 WL 1253964, at *1-2 (10th Cir. 2005) (holding that a petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, C. A. No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were

5

validly imposed); *Willis v. Dretke*, C.A. No. 3-03-CV-1284-G, 2005 WL 39053-55, at *3 (N.D. Tex. 2005) (holding petitioner not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction); *U.S. v. Fisher*, C.A. No. 3:08-CV-1609-D, 2008 WL 5061670, at *3 (N.D. Tex. 2008) (same). Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself.

Accordingly, respondent is entitled to summary judgment dismissing the instant habeas petition as barred by the one-year AEDPA limitation.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of July, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE